# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2015, 8:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Donald Lee Weidenburner
Talladega, Alabama

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Lee Weidenburner, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | November 20, 2015 <br><br> Court of Appeals Case No. 74A01-1502-CR-81 <br><br> Appeal from the Spencer Circuit Court <br><br> The Honorable William E. Weikert, Senior Judge <br><br> Trial Court Cause No. 74C01-0201-FA-19 |

**Baker, Judge.**

[1] Donald Weidenburner appeals the judgment of the trial court denying his motion to compel the Spencer County Prosecutor's Office to produce certain documents. Finding no error, we affirm.

## Facts

[2] On December 28, 2001, Weidenburner was arrested in Spencer County on numerous drug and weapon charges. Weidenburner claims that he was interrogated by Detective Kurt Althoff of the Vanderburgh County Sheriff's Department. He maintains that he requested an attorney and refused to speak with Detective Althoff.

[3] That same day, Detective Don Graskewicz of the Illinois State Police applied for a warrant to search the residence of James Wathen in Gallatin County, Illinois. Detective Graskewicz stated that a confidential informant had been in Wathen's home the previous day and had seen Wathen operating a meth lab. The search was executed and large amounts of methamphetamine and weapons were discovered. Weidenburner's car was parked in Wathen's driveway. Weidenburner believes that the confidential informant Detective Graskewicz was referring to was himself and that Detective Althoff may have falsely informed Detective Graskewicz that Weidenburner had given a statement while under arrest in Indiana.

[4] Following the search of Wathen's home, Weidenburner decided to cooperate with agents of the Southern Illinois Drug Task Force. He secretly recorded phone conversations with coconspirators in Illinois and allowed the agents to

record interviews with him about his observations. Weidenburner's cooperation ended in June 2002 when he was again arrested in Indiana on drug charges. A month later, Weidenburner was indicted in the Southern District of Illinois on drug charges. Following his indictment, Weidenburner fled to Kentucky to avoid prosecution, and was not discovered until 2010. Weidenburner was then tried in Illinois, and a jury found him guilty of conspiring to manufacture and distribute methamphetamine. The Illinois district court sentenced him to 360 months imprisonment.[1] In October 2012, the State filed a motion to dismiss all the charges pending against Weidenburner in Indiana, which the trial court granted.

[5] In 2014, Weidenburner contacted the Spencer County Prosecutor's Office seeking any report that Detective Althoff may have made regarding Weidenburner's 2001 arrest. Weidenburner then filed a request for this report under the Freedom of Information Act. The State informed Weidenburner that it did not know whether such a report existed and that it did not have any such report in its possession. Weidenburner then filed a motion to produce and a memorandum in support of this motion in the trial court. The trial court denied this motion and Weidenburner now appeals.

---

[1] For a fuller account of the events leading up to Weidenburner's conviction, see *U.S. v. Weidenburner*, 550 F. App'x 298 (7th Cir. 2013).

## Discussion and Decision

[6] Weidenburner argues that the trial court erred in denying his motion to produce any report Detective Althoff may have made regarding his 2001 arrest. Weidenburner believes that Detective Althoff may have passed false information to agents in Illinois which, in turn, may have led to the search of Wathen's home, implicating Weidenburner in the production of methamphetamine in Illinois and leading to his eventual conviction. Weidenburner argues that he has a right to know whether Detective Althoff made false statements and that the trial court has denied him an opportunity to discover the truth.

[7] We find no error in the trial court's decision to deny Weidenburner's motion. Indiana Code section 5-14-3-9 provides:

> A person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit court or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record.

[8] Here, Weidenburner was not denied an opportunity to inspect the records that the prosecutor's office possessed. The State informed the trial court that it had provided Weidenburner with all the information it had in its possession regarding his case. The State noted, "[i]t is not that the State *won't* tell [Weidenburner] the status of the alleged report; the State *can't* tell him because no such report is in the possession of custody of the Prosecuting Attorney."

Appellant's App. p. 29 (emphasis original). As no one, including Weidenburner, even knows whether such a report exists, the trial court was well within its discretion to determine that the State had complied with Weidenburner's records request to the fullest extent possible.

[9] Weidenburner makes several other arguments relating to statements Detective Althoff may have made to agents in Illinois that led to the search of Wathen's home. Weidenburner attempts to ground his arguments in several amendments to the United States Constitution. These arguments are not well developed and, in any event, they are not properly before us. This Court will not consider the merits of Weidenburner's federal convictions. If Weidenburner wished to argue that the search of Wathen's home violated his constitutional rights, he was given an opportunity to do so when he stood trial in the Southern District of Illinois.

[10] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.